**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NATIONAL TECHNOLOGY & ENGINEERING SOLUTIONS OF SANDIA, LLC, | § § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Civil Action No.: 1:22-CV-302 |
| | § § | |
| SAYERS CONSTRUCTION LLC; W.R. BERKLEY CORPORATION d/b/a BERKLEY SURETY; BANK OF AMERICA, N.A.; FOX CAPITAL GROUP, INC.; LEGACY CAPITAL GROUP; and 22 CAPITAL LLC, | § § § § § § § § | |
| *Defendants.* | § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff National Technology & Engineering Solutions of Sandia, LLC ("NTESS") files this Complaint for Interpleader (the "Complaint") against Defendants Sayers Construction LLC ("Sayers"); W.R. Berkley Corporation d/b/a Berkley Surety ("Berkley"); Bank of America, N.A. ("BOA"); Fox Capital Group, Inc. ("Fox"); Legacy Capital Group ("LCG"); and 22 Capital LLC ("22 Capital") (collectively Sayers, Berkley, BOA, Fox, LCG, and 22 Capital are the "Defendants") and would respectfully show the Court as follows::

### I.        JURISDICTION AND VENUE

1.        This Court has jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1334.

2.        This Court will have personal jurisdiction over all Defendants after service of process upon them under 28 U.S.C. § 2361.

3.        Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in San Marcos, Texas.

## II.    PARTIES

4.    NTESS is a Delaware limited liability company with its principal place of business in New Mexico.

5.    Sayers is a Texas limited liability company, which conducts business within the State of Texas and has its principal place of business at 104 East Martin Luther King Drive, San Marcos, Texas 78666.

6.    On information and belief, Berkley is a Delaware corporation with its headquarters and principal place of business in Greenwich, Connecticut.

7.    On information and belief, BOA is a national banking association chartered under the laws of the United States of America with its main office and principal place of business in Charlotte, North Carolina, as designated in its Articles of Association.

8.    On information and belief, Fox is a Florida corporation with its principal place of business in New York.

9.    On information and belief, LCG is a New York limited liability company with its principal place of business in New York.

10.    On information and belief, 22 Capital is a Florida limited liability company with its principal place of business in New York or Florida.

## III.    FACTUAL BACKGROUND

11.    NTESS entered into a contract with Sayers (the "Contract") to complete work on a construction project (the "Project"). The most current version of the agreement between NTESS and Sayers is dated October 14, 2021 (the "Contract"). The Contract required NTESS to have a payment and performance bond, which Berkley provided. The Contract also required Sayers to submit invoices within 30 days of the delivery of goods or services in connection with the Project

HB: 4857-0258-3575.4

(the "Invoices"), and NTESS would remit payment to Sayers. Sayers was required to pay its subcontractors.

12.     On January 20, 2022, Sayers issued a payment application for the amount of $197,904.48 for goods and/or services delivered in connection with the Project. NTESS authorized the payment in the amount of $197,904.48

13.     Sayers also submitted an invoice for $415,273.49 on March 22, 2022.  On March 24, 2022, NTESS reviewed and rejected the March 22, 2022, invoice because it did not match the schedule of rates set forth in the Contract. Sayers submitted a subsequent invoice for $378,204.92 on March 25, 2022. NTESS has authorized the payment of $378,204.94. Therefore, due to the January and March invoices, NTESS is in possession of $576,109.40 in funds approved for disbursement (the "Disputed Amount").  NTESS will also have a future payment to disburse in addition to the Disputed Amount (this, and any future Contract payments shall hereinafter be referred to as "Future Contract Payments").

14.     NTESS originally scheduled the January invoice to be paid on February 4, 2022, however, before payment was sent to Sayers, NTESS received multiple forms of correspondence from various parties demanding payment:

(A)     A letter from BOA dated November 29, 2021 (the "BOA Notice"), claiming that Sayers owes a debt to BOA, asserting that Sayers had pledged and assigned all of Sayers' accounts receivable to BOA (the "BOA Interest"), and demanding that NTESS make all payments owed to Sayers to BOA;

(B)     A letter dated November 30, 2021, from a representative of 22 Capital (the "22 Capital Notice") claiming that Sayers owes a debt to 22 Capital, asserting that 22 Capital holds "a perfected UCC with respect to the accounts receivable of" Sayers (the "22 Capital Interest"), and demanding that NTESS pay all funds possessed by NTESS to 22 Capital's representative instead of Sayers;

(C)     A letter dated November 30, 2021, from a representative of Fox (the "Fox Notice") claiming that Sayers owes a debt to Fox, asserting that Fox holds

a perfected security interest in Sayers' accounts receivable (the "<u>Fox Interest</u>"), and demanding that NTESS direct all funds owed by NTESS to Fox's representative "on behalf of" Sayers; and

(D)    A letter dated December 1, 2021, from a representative of LCG (the "<u>LCG Notice</u>") claiming that Sayers owes a debt to LCG, asserting that LCG has a perfected security interest in Sayers' accounts receivable (the "<u>LCG Interest</u>", and demanding that NTESS direct all funds owed to Sayers to LCG's representative.

15.    Collectively, the BOA Notice, the 22 Capital Notice, the Fox Notice, and the LCG Notice are the "<u>Assignee Notices</u>" and the BOA Interest, the 22 Capital Interest, the Fox Interest, and the LCG Interest are the "<u>Assignee Interests</u>."

16.    All of the Assignee Notices were sent to NTESS pursuant to Section 9-406 of the Uniform Commercial Code, and all of the Assignee Notices direct NTESS to pay all amounts owed by NTESS to Sayers (collectively, the "<u>Sayers Receivables</u>") until the amounts claimed in the Assignee Notices are paid.[1] The Assignee Notices do not acknowledge the existence of competing and conflicting Assignee Interests in the Sayers Receivables.

17.    Sayers, and Berkley on Sayers' behalf,[2] also dispute the rights of BOA, 22 Capital, Fox, and LCG to receive any portion of the Sayers Receivables from NTESS.

18.    Moreover, upon information and belief, all of the Assignee Defendants have sued Sayers in other courts to enforce their loan agreements and/or assignments between Sayers and the Assignee Defendants, as follows:

(A)    On December 3, 2021, BOA filed a lawsuit against Sayers, among others, in the United States District Court for the Western District of Texas, Austin Division, in Case No. 1:21-cv-01097 (the "<u>BOA Action</u>") seeking to "enforce [BOA's] rights in connection with a certain loan

---

[1] The BOA Notice was sent pursuant to Texas' version of Section 9-406. New Mexico's version of Section 9-406 is NMSA 1978, Section 55-9-506 (2001).
[2] Berkley has not issued a demand letter or brought forth a lawsuit against NTESS, however, has exchanged correspondence with NTESS regarding the interests of the Disputed Amount and is therefore included as a defendant in this lawsuit.

agreement … certain security agreements and collateral assignments" made by Sayers (the "<u>BOA Agreement</u>");

(B)     On December 3, 2021, 22 Capital filed a lawsuit against Sayers, among others, in the New York Supreme Court ("<u>22 Capital Action</u>") seeking to enforce "a receivables purchase agreement" made by Sayers ("<u>22 Capital Agreement</u>");

(C)     On December 13, 2021, Fox filed a lawsuit against Sayers, among others, in the New York Supreme Court (the "<u>Fox Action</u>") seeking to enforce "an agreement … to purchase 21 percent of … future receivables" of Sayers (the "<u>Fox Agreement</u>"); and

(D)     On December 16, 2021, LCG filed a lawsuit against Sayers and another in the New York Supreme Court (the "<u>LCG Action</u>") seeking to enforce "an agreement … to purchase all rights to … future receivables" of Sayers (the "<u>LCG Agreement</u>").

19.     Collectively the BOA Action, 22 Capital Action, Fox Action, and LCG Action are the "<u>Assignee Actions,</u>" and the BOA Agreement, 22 Capital Agreement, Fox Agreement, and LCG Agreement are the "<u>Assignee Agreements</u>."

20.     On information and belief, the Assignee Agreements are the same agreements on which the Assignee Notices and Assignee Interests are based, and any judgments entered against Sayers in the Assignee Actions would be collectible from the Disputed Amount.

21.     As discussed, NTESS has currently retained the Disputed Amount earned by Sayers under the Contract. NTESS does not have an interest in the Disputed Amount or Future Contract Payments but is merely an innocent stakeholder holding the Disputed Amount.

22.     There is a dispute between the Defendants over which of them is entitled to be paid the Disputed Amount and subsequent, as they become due, and are authorized by NTESS for payment, under the Contract.

23.     There is reasonable doubt as to what party or parties are entitled to the Disputed Amount or Future Contract Payments. Sayers, the Assignee Defendants, and Berkley are rival

HB: 4857-0258-3575.4

claimants to the Disputed Amount and Future Contract Payments, as well as any other claims or liens of other creditors on the Disputed Amount or Future Contract Payments. NTESS is unable to determine which of the Defendants is entitled to priority and payment of the Disputed Amount and Future Contract Payments.

24.    Because of the conflicting and competing Assignee Notices, the conflicting and competing Assignee Agreements, the conflicting and competing Assignee Interests, and the conflicting and competing Assignee Actions, NTESS is exposed to multiple liabilities. NTESS is a disinterested stakeholder and disclaims any interest in the Disputed Amount and Future Contract Payments once they become due, and are authorized by NTESS for payment, under the Contract, except to the extent of any reimbursement to NTESS from the Disputed Amount for NTESS's attorneys' fees and associated costs in connection with preparing, filing, and prosecuting this action.

25.    Accordingly, NTESS seeks to tender the Disputed Amount into the Registry of the Court so that potential claimants may assert their rights for payment. Further, NTESS seeks to tender all Future Contract Payments into the Registry of the Court until the Court determines the rights of the parties to the Future Contract Payments.

## IV.    COUNT ONE: REQUEST FOR INTERPLEADER

26.    NTESS incorporates the allegations contained in paragraphs 1 through 25 of this Complaint.

27.    Pursuant to 28 U.S.C. Section 1335, and there being at least two claimants in and to the Disputed Amount and the amount of the Disputed Amount being in excess of $500.00, NTESS hereby requests the following:

(i)    permission to deposit the Disputed Amount into the Registry of the Court, or such other location the Court orders;

(ii)     permission to deposit the Future Contract Payments into the Registry of the Court, or such other location the Court orders;

(iii)    an adjudication of all claims in and to the Disputed Amount and Future Contract Payments, including the rights and claims of the Assignee Defendants and Berkley;

(iv)    an award of attorney's fees and expenses; and

(v)     a discharge of any alleged liability or obligation regarding any claim that the Defendants may have against NTESS for or related to any alleged obligation under the Contract.

## V.    COUNT TWO: REQUEST FOR INJUNCTION

28.    NTESS incorporates the allegations contained in paragraphs 1 through 27 of this Complaint.

29.    The Court is entitled under 28 U.S.C. Section 2361 to restrain and enjoin Defendants, or anyone on their behalf, from instituting or prosecuting any proceeding in any State or United States Court affecting the Disputed Amount until further order of the Court, including, without limitation, the Assignee Actions, and discharge NTESS from further liability with respect to the Disputed Amount and Defendants' claims thereto.

30.    NTESS is holding the Disputed Amount, subject to claims of Defendants and any security interests or liens that may be asserted by other creditors.[3] Further, NTESS will be holding Future Contract Payments subject to those same claims.

31.    Accordingly, NTESS requests an injunction from the Court declaring that NTESS has satisfied all obligations to Defendants and is not subject to further liability for any claims relating to the Contract.

---

[3] NTESS will provide a copy of this Complaint to all parties of interest with UCC securities interests.

HB: 4857-0258-3575.4

## VI.    COUNT THREE: REQUEST FOR NTESS'S ATTORNEYS' FEES AND COSTS

32.    NTESS incorporates the allegations contained in paragraphs 1 through 31 of this Complaint.

33.    Attorneys' fees for an interpleading plaintiff acting in good faith and timely are proper.

34.    As a result of the potential dispute from conflict claims of ownership of the Disputed Amount and any Future Contract Payments, NTESS has been forced to retain legal counsel to file this Complaint. NTESS is not responsible for the conflicting claims to the Disputed Amount or Future Contract Claims, and, as a disinterested stakeholder, should be reimbursed for such fees and costs from the Disputed Amount.

35.    Accordingly, NTESS requests an order authorizing payment of its attorney's fees and expenses incurred herein with such amounts to be paid from the Disputed Amount prior to any distributions.

## VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, NTESS prays that Defendants be cited to appear and answer this Complaint and that, upon a trial, the Court award NTESS judgment and enter order(s):

(i)     Authorizing NTESS to interplead the Disputed Amount;

(ii)    Authorizing NTESS to interplead any Future Contract Payments;

(iii)   Requiring Defendants to interplead in this action and assert herein any and all claims they have to the Disputed Amount and Future Contract Payments;

(iv)    Restraining and enjoining Defendants, or anyone on their behalf, from instituting or prosecuting any proceeding in any State or United States Court affecting the Disputed Amount or Future Contract Payments until further order of the Court, including, without limitation, the Assignee Actions;

(v)    Resolving the claims of the Defendants to the Disputed Amount and determination of the release and allocation of the Deposited Amounts accordingly, net of the attorneys' fees and cost of NTESS;

(vi)   Allowing NTESS to be reimbursed from the Deposited Amounts for its attorney fees and costs incurred in connection with this action;

(vii)  Discharging NTESS from further liability with respect to (i) the Disputed Amount, (ii) the Deposited Amounts, (iii) Defendants' claims thereto, and (iv) dismissing NTESS from this action; and

(viii) Such other legal or equitable relief as may be appropriate.


Dated: March 30, 2022                    Respectfully submitted,

                                         **HUSCH BLACKWELL LLP**

                                         By: _Timothy P. Ribelin_
                                              Timothy P. Ribelin
                                              Texas Bar No. 24091055
                                              tim.ribelin@huschblackwell.com
                                              Amber L. Fly
                                              Texas Bar No. 24101761
                                              amber.fly@huschblackwell.com

                                         111 Congress Avenue, Suite 1400
                                         Austin, Texas 78701
                                         (512) 472-5456
                                         (512) 479-1101 (fax)

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **NATIONAL TECHNOLOGY &**
                                         **ENGINEERING SOLUTIONS OF SANDIA,**
                                         **LLC**

HB: 4857-0258-3575.4